GRACE C. FINLEY v. ELIZABETH F. WILLIAMS, ADMINISTRATRIX, d.b.n. OF THE ESTATE OF MANSFIELD FERGUSON, DECEASED

ELIZABETH F. WILLIAMS, INDIVIDUALLY AND AS ADMINISTRATRIX, d.b.n. OF THE ESTATE OF MANSFIELD FERGUSON, DECEASED v. GRACE FINLEY

No. 7423DC711

(Filed 16 October 1974)

Rules of Civil Procedure § 52— failure of trial court to find facts and state conclusions of law

In an action by administratrix to recover from defendant certain shares of stock allegedly owned by intestate at the time of his death and damages for their wrongful conversion, the trial court's finding that it was impossible to determine from the evidence presented the nature of the transactions between intestate and defendant and that upon the facts and the law the parties had shown no right to relief *inter se* was not sufficient to satisfy the requirements of G.S. 1A-1, Rule 52(a)(1) that the court find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

APPEAL by plaintiff from *Osborne, Judge,* 8 April 1974 Session of District Court held in WILKES County. Heard in the Court of Appeals on 4 September 1974.

These civil actions were consolidated for trial before the judge without a jury. In case No. 73CvD1328, the plaintiff, Grace Finley, seeks to recover $2,940.00 from the estate of Mansfield Ferguson for money allegedly loaned to Mansfield Ferguson during his lifetime. No appeal was taken from the judgment for the defendant. In case No. 73CvS0963, the plaintiff, Elizabeth F. Williams, individually and as administratrix of the estate of Mansfield Ferguson, seeks to recover from the defendant, Grace Finley, certain shares of stock allegedly owned by Mansfield Ferguson at the time of his death and damages for their wrongful conversion.

Since case No. 73CvD1328 is not before us, all references made herein to plaintiff, defendant, Finley, and Ferguson (unless otherwise specified) relate to case No. 73CvS0963.

In her complaint, the plaintiff alleged that Mansfield Ferguson died intestate on 7 March 1972 and that Elizabeth F. Williams is the duly appointed and acting administratrix of

Finley v. Williams and Williams v. Finley

his estate. The plaintiff alleged that at the time of his death Mansfield Ferguson was the owner of 363 shares of the common stock of the Sturdivant Life Insurance Company and that at the time of his death he was in possession of the stock certificate for said shares. The plaintiff further alleged that the defendant "wrongfully and with intent to defraud" converted said shares of stock into her own name and that subsequent thereto the stock was converted into United North Carolina Industries, Incorporated, stock.

The defendant filed answer admitting that Williams was the duly appointed and acting administratrix of the estate of Mansfield Ferguson and denied all the other material allegations of the complaint. In a further answer and defense, the defendant alleged that the 363 shares of the common stock of Sturdivant Life Insurance Company referred to in the complaint had been assigned to her by Ferguson prior to his death. Finley filed a counterclaim against Williams individually for $400. In a reply, Williams admitted that she was indebted to Finley in the amount of $330.

At the trial, Finley offered evidence tending to show that on 26 March 1971, Ferguson signed a paper writing (Exhibit 1) which reads as follows:

"I, Mansfield Ferguson acknowledge I owe Mrs. T. A. Finley the sum of 2000.00 dollars & 200.00 loan at N. Wilkesboro bank which she & Mr. Finley cosigned—Stock of Sturdivant Life Insurance as security. In case of any settlement of my property $2,200.00 & $250.00 fee for Mr. Bill Mittchell is to be paid before any other settlements are made. Including interest on all checks.

Signed by /s/ MANSFIELD FERGUSON this March 26, 1971.

W.T.          s/ C M HALL"

Finley also offered evidence tending to show that Ferguson signed the following paper writing (Exhibit 2, not dated), which reads as follows:

"FOR VALUE RECEIVED Six Hundred & fifty 50/100— hereby sell, assign and transfer unto GRACE C. FINLEY ++THREE HUNDRED SIXTY-THREE++ (363) Shares of the Capital Stock of the STURDIVANT LIFE

INSURANCE COMPANY standing in MY name on the books of said COMPANY represented by Certificate No. 001350034311

CO   325
5347

herewith and do hereby irrevocably constitute and appoint ___ _____ _____ attorney to transfer the said stock on the books of the within named Company with full power of substitution in the premises.

Dated _____     · '.

s/ MANSFIELD FERGUSON

IN PRESENCE OF /s/ T. A. FINLEY"

Williams offered evidence tending to show the following: Mansfield Ferguson, brother of Elizabeth F. Williams, died on 7 March 1972. Before his death, Mansfield Ferguson worked for about three years for Mr. and Mrs. Finley. Mrs. Finley, shortly after Ferguson's death, qualified as administratrix of his estate. She later resigned as such administratrix and the plaintiff subsequently qualified as administratrix of her brother's estate. As administratrix, Finley filed a financial report in the office of the clerk of superior court. This report shows no payment of any indebtedness evidenced by Exhibit 1 nor does it show any receipt or disposition of 363 shares of the common stock of Sturdivant Life Insurance Company. Williams testified that while Finley was acting as administratrix of the estate she saw a stock certificate in Finley's home in Ferguson's name for 363 shares of stock of the Sturdivant Life Insurance Company. Williams further testified that she has never obtained possession of the 363 shares of Sturdivant Life Insurance Company stock.

Mrs. Manie Beshears testified that she was employed by Sturdivant Life Insurance Company as Executive Secretary until 28 February 1972. She "looked after all the stock." She knew Mrs. Finley and Mansfield Ferguson. Sometime prior to Ferguson's death, Mrs. Finley went to her office and told her Ferguson owed her some money. Mrs. Finley said that she wanted to hold Ferguson's Studivant Life Insurance stock as collateral. Mrs. Beshears testified that she kept a pad of forms 'on her desk which she called "collaterals". She described a "collateral" as "a piece of paper I kept on my desk if people wanted to hold stock for money borrowed. Yes, sir, for security." She filled

out one of these forms for Mrs. Finley. She identified Exhibit 2 as a "collateral". Mrs. Beshears never saw Ferguson sign the form she filled out for Finley.

At the conclusion of the presentation of the evidence, the trial judge, addressing himself to motions for involuntary dismissal made by the parties under G.S. 1A-1, Rule 41(b) to all the claims in the two cases (with the exception of Finley's counterclaim against Williams), made the following finding and conclusion:

> "That it is impossible for the court to determine from the evidence presented the nature of the transactions between the said Grace Finley and Mansfield Ferguson and that upon the facts and the law said parties have shown no right to relief *inter se;*"

The court entered a judgment that Finley recover $330 on her counterclaim against Williams individually. From a judgment dismissing the claim of Williams individually and as administratrix of the estate of Ferguson against Finley, plaintiff appealed.

*Brewer & Bryan by Joe O. Brewer and Larry S. Moore for plaintiff appellant.*

*Eric Davis for defendant appellee.*

HEDRICK, Judge.

No contention is made on this appeal with respect to the judgment awarding Finley $330 on her counterclaim.

The plaintiff contends the trial court erred in failing to find the facts specially and state separately its conclusions of law as required by G.S. 1A-1, Rule 52(a)(1) and in allowing the defendant's motion for an involuntary dismissal pursuant to Rule 41(b).

While the judgment entered appears to be an involuntary dismissal of plaintiff's claim for the wrongful conversion of Ferguson's stock, it is clear that Rule 41(b) has no application in this case since the court obviously heard both the plaintiff's (Williams) and the defendant's (Finley) evidence with respect to the controversy. Since the case was heard by the court without a jury, it was incumbent upon it to "find the facts specially and state separately its conclusions of law thereon and direct the

entry of the appropriate judgment" as provided by Rule 52 (a) (1).

The pleadings and the evidence raise the issue of whether the defendant wrongfully converted the 363 shares of stock owned by Ferguson prior to his death. It was the duty of the trial judge to answer this issue by making findings of fact from the evidence and applying the appropriate principles of law. His finding "[t]hat it is impossible for the court to determine from the evidence presented the nature of the transactions between the said Grace Finley and Mansfield Ferguson and that upon the facts and the law said parties have shown no right to relief *inter se*," in our opinion, is not sufficient to satisfy the requirements of Rule 52(a) (1).

There is sufficient evidence in this record to support material findings of fact which will determine the issues between the parties. Thus, that portion of the judgment entered relating to the plaintiff's claim for wrongful conversion of the stock must be vacated, and the case is remanded to the district court for the judge to make findings of fact from the record and enter the appropriate judgment. The portion of the judgment that the defendant recover $330 on her counterclaim is affirmed.

Affirmed in part; vacated and remanded in part.

Judges BRITT and BALEY concur.